JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOHN DEHN

**DEFENDANTS**
NCO FINANCIAL SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff    Kearny County, KS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery Co., PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David P. Mitchell, Esq., Maney & Gordon, P.A. 101 E. Kennedy Blvd., Suite 3170, Tampa, FL 33602 - 813-888-6700 x 148

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Violation of the TCPA, FDCPA, KSCA

Brief description of cause:
Violation of the TCPA, FDCPA, KSCA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
10/1/15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

JOHN DEHN,                           :            CIVIL ACTION
                                     :
       v.                            :
                                     :
NCO FINANCIAL SYSTEMS, INC.          :            NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)     Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b)     Social Security – Cases requesting review of a decision of the Secretary of Health
        and Human Services denying plaintiff Social Security Benefits.                          ( )

(c)     Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)     Asbestos – Cases involving claims for personal injury or property damage from
        exposure to asbestos.                                                                   ( )

(e)     Special Management – Cases that do not fall into tracks (a) through (d) that are
        commonly referred to as complex and that need special or intense management by
        the court. (See reverse side of this form for a detailed explanation of special
        management cases.)                                                                      ( )

(f)     Standard Management – Cases that do not fall into any one of the other tracks.          (x)

Date:

                                            Respectfully submitted,

                                            _____
                                            Robert P. Cocco, Esq.
                                            Pennsylvania Bar No.
                                            ROBERT P. COCCO, P.C.
                                            1500 Walnut St., Ste. 900
                                            Philadelphia, PA 19102
                                            Telephone: (215) 351-0200
                                            Fax: (215) 261-6055
                                            rcocco@rcn.com
                                            Counsel for Plaintiff

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Mr John Debn, 2306 Road 200, Deerfield, KS 678

Address of Defendant: NCO Financial Systems, Inc., 507 Prudential Road, Horsham PA 19044-0

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☐

Does this case involve multidistrict litigation possibilities?   Yes☐  No☐

*RELATED CASE, IF ANY*:
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Robert P. Cocco , counsel of record do hereby certify:
☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 10/1/15  _____Attorney-at-Law  61907 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/1/15  _____Attorney-at-Law  61907 Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JOHN DEHN,

      Plaintiff,

                                        CASE NO:

-vs-

NCO FINANCIAL SYSTEMS, INC.,

      Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

      Plaintiff, JOHN DEHN, sues the Defendant, NCO FINANCIAL SYSTEMS, INC., and alleges as follows:

**JURISDICTION AND VENUE**

      1.     Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.* (hereafter "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), and the Kansas Consumer Protection Act, K.S.A. 50-623, *et seq.* (hereafter "KCPA").

      2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related state law claims.

      3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that this is the judicial district in which the Defendant resides.

## FACTUAL ALLEGATIONS

4.      Plaintiff is a debtor/consumer, or alleged debtor/consumer, as defined by K.S.A. 50-624(b) and 15 U.S.C. § 1692a(3).

5.      Plaintiff is the "called party" with respect to the cellular telephone calls described herein. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012); Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934 (11th Cir.2014).

6.      At all times material, Defendant, NCO FINANCIAL SYSTEMS, INC., (hereafter "NCO"), was and is a corporation engaged in the business of collecting debts within the Commonwealth of Pennsylvania and the State of Kansas, with its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

7.      At all material times, Defendant sought to collect an alleged debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes, and was therefore operating as a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §1692a(6).

8.      Defendant NCO is a "supplier" as defined by K.S.A. 50-624(l).

9.      As described herein, Defendant NCO employed business practices resulting in intentional harassment and abuse of the Plaintiff, and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect an alleged debt from Plaintiff that Plaintiff does not owe.

10.      Defendant NCO consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees,

2

collectors and/or contractors with respect to the collection activities at issue, as further described herein.

11.   In or about mid-November of 2014, Defendant NCO began its campaign of collection calls to Plaintiff's cellular telephone number, (620) 640-0501, in an effort to collect a debt allegedly owed by Plaintiff, and which Plaintiff does not owe. Plaintiff's caller ID reflected that the Defendant's calls originated from the numbers (612) 844-0919 and (703) 656-9963, among others. Additionally, several of the calls at issue from NCO would appear on Plaintiff's caller ID as an entity other than NCO or with no identification at all.

12.   Upon answering the initial call, Plaintiff spoke to Defendant's representative and instructed Defendant that he did not owe the alleged debt, and demanded that Defendant not call him again on his aforementioned cellular telephone number.

13.   Despite Plaintiff demanding that Defendant NCO stop placing calls to his aforementioned cellular telephone number, Defendant NCO continued its campaign of harassing debt collection calls to Plaintiff's aforementioned cellular telephone number.

14.   On several occasions, Defendant would place calls to Plaintiff's aforementioned cellular telephone number and hang up either prior to or as soon as Plaintiff or the Plaintiff's voicemail answered the call.

15.   To date, Plaintiff has received in excess of five-hundred (500) calls from Defendant NCO on his aforementioned cellular telephone number.

16.   Upon information and belief, the telephone calls at issue were placed by Defendant NCO to Plaintiff's aforementioned cellular telephone number using an "automated telephone dialing system" as defined by the TCPA, 47 U.S.C. §227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number

3

generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "auto-dialer").

17.     Defendant NCO initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" or "prior express invitation or permission" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

18.     Additionally, none of the telephone calls at issue were placed by Defendant NCO to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

19.     Defendant NCO has a corporate policy of initiating debt collection calls using an automatic telephone dialing system and/or a prerecorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

20.     Defendant NCO willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

21.     Despite actual knowledge of its wrongdoing, Defendant NCO continued its campaign of harassment and abuse.

22.     Defendant NCO's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

23.     Defendant NCO intentionally harassed and abused the Plaintiff on numerous occasions by calling several times per day, and on back to back days, with such frequency as can reasonably be expected to harass, even after Plaintiff repeatedly told Defendant's representatives to stop calling.

4

24.     Defendant NCO has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debts that are the subject of NCO's collection calls.

25.     Defendant NCO followed its corporate policy when placing the calls at issue to Plaintiff's aforementioned cellular telephone number.

26.     Defendant NCO has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

27.     Defendant NCO has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

28.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

29.     All conditions precedent to the filing of this action have occurred.

## COUNT I
## VIOLATION OF THE TCPA AGAINST NCO

30.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (29), as if fully set forth herein.

31.     None of the calls at issue were placed by Defendant NCO to Plaintiff's aforementioned cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

5

32.     Alternatively, Defendant initiated the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had.

33.     Additionally, none of the calls at issue were placed by Defendant NCO to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

34.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff instructed Defendant to cease calling Plaintiff, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

35.     The TCPA provides Plaintiff with a private right of action against Defendant NCO for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant NCO for statutory damages, actual damages, punitive damages, costs, interest and for such other relief as this Court deems just and proper.

## COUNT II
## <u>VIOLATION OF THE FDCPA AGAINST NCO</u>

36.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (29), as if fully set forth herein.

6

37.     Plaintiff has been the subject of collection activity by Defendant NCO arising from an alleged consumer debt.

38.     Defendant NCO is a "debt collector" as defined by the FDCPA.

39.     Defendant NCO engaged in an act or omission prohibited under 15 U.S.C. §1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

40.     Defendant NCO engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's cellular telephone number to ring or engaging Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

41.     Defendant NCO engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

42.     Defendant NCO engaged in an act or omission prohibited under 15 U.S.C. §1692e(2)(a) by failing to accurately represent the character, amount, or legal status of any debt.

43.     Defendant NCO engaged in an act or omission prohibited under15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect a debt from Plaintiff or to obtain information concerning Plaintiff.

44.     Defendant NCO engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to disclose that the communication was from a debt collector.

7

45.     Defendant NCO engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

46.     Defendant NCO's acts and omissions as described herein have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by 15 U.S.C. §1692 including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, and attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant NCO for statutory damages, actual damages, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF THE KCPA AGAINST NCO

47.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (29), as if fully set forth herein.

48.     Plaintiff is a "consumer" as defined by K.S.A. 50-624(b).

49.     Defendant NCO is a "supplier" as defined by K.S.A. 50-624(l).

50.     At all times relevant, Defendant NCO was engaged in "consumer transactions" as "suppliers" as defined by K.S.A. 50-624(c).

51.     K.S.A. 50-626 prohibits "suppliers" from using unfair or deceptive practices.

52.     K.S.A. 50-627 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

53.     Under the KCPA, a violation of the FDCPA is also a violation of the KCPA.

8

54. Defendant's debt collection actions as more fully described in the preceding paragraphs violate the KCPA.

55. Defendants violated K.S.A. § 50-627(a) engaging in unconscionable acts in manners such as, but not limited to:

a. Violating § 50-627(b)(1) K.S.A. by taking advantage of the inability of Plaintiff to reasonably protect their interests because of physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor;

b. Violating K.S.A. § 50-627(b)(3) by engaging in a transaction where Plaintiff were unable to obtain a material benefit because Defendants sought to collect a debt that Plaintiff did not owe;

c. Violating K.S.A. § 50-627(b)(5) by inducing attempting to induce Plaintiff to enter into an agreement that was excessively one sided in favor of Defendant because Plaintiff obtained no benefit from their payment to Defendant because Plaintiff did not owe the alleged debt;

d. Violating K.S.A. § 50-627(b)(6) by making misleading statements of opinion on which the Plaintiff was to Plaintiff's detriment, such as that Defendant was able to "settle" the alleged debt and that nonpayment of this alleged debt would result in adverse consequences to the Plaintiff.

56. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

57.     Defendant's acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the KCPA, including every one of the above citied provisions and as such Plaintiff is entitled to damages.

58.     Section 50-634, K.S.A., provides for a private right of action for "a consumer who is aggrieved by a violation of this act," statutory damages, civil penalties, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant NCO for statutory damages, actual damages, punitive damages, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

Robert P. Cocco, Esq.
Pennsylvania Bar No.: xxxxxxx
ROBERT P. COCCO, P.C.
1500 Walnut St., Ste. 900
Philadelphia, PA 19102
Telephone: (215) 351-0200
Fax: (215) 261-6055
rcocco@rcn.com
Counsel for Plaintiff

David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
d.mitchell@maneygordon.com
v.marrero@maneygordon.com
Counsel for Plaintiff
Pro hac vice pending

10